UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Tony Waddell McManus, #15081-057, ) <br> ) <br> Petitioner, ) <br> ) <br> -vs- ) <br> ) <br> United States of America; and ) <br> Warden Hamidullah, Federal ) <br> Correctional Institution – Estill, ) <br> ) <br> Respondents. ) | Civil Action No. 9:05-35-SB <br><br> **ORDER** |

## INTRODUCTION

This matter is before the Court on the *pro se* Petitioner's request for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The Petitioner is incarcerated at the Federal Correctional Institution (FCI) in Estill, South Carolina. He is serving a 284-month sentence for violating sections of the United States Code related to charges of armed bank robbery. The Petitioner's conviction and sentence were entered in the United States District Court for the Middle District of North Carolina (Criminal Nos. 1:00 CR 189-2 and 1:00 CR 190-2-3). The conviction was upheld on direct appeal by the United States Court of Appeals for the Fourth Circuit. (Fourth Circuit Docket No. 01-4024).

The Petitioner alleges on page two (2) of his application that he sought permission for authorization to file a successive application pursuant to 28 U.S.C. § 2244, which was denied by the Fourth Circuit. The Petitioner maintains that a

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his sentence. Consequently, he has filed this matter pursuant to 28 U.S.C. § 2241 alleging that a prior conviction for "assault on a female" should not have been used to enhance his sentence, raising him to career offender status, because he did not knowingly and voluntarily waive his right to counsel in that matter. Ultimately, the Petitioner alleges that trial counsel was ineffective for not ensuring that the court imposed a sentence based only upon accurate information. He asks that his sentence be vacated, or in the alternative, that he be granted an evidentiary hearing on the merits of his claims. By local rule, this case was referred to United States Magistrate Judge George C. Kosko for preliminary review.

The Magistrate Judge issued a report recommending that this action be dismissed without prejudice. In his Report and Recommendation, the Magistrate Judge found that the Petitioner should have filed his motion under § 2255 because he has not proven that filing under §2255 would be "inadequate or ineffective." Additionally, the Magistrate Judge found that the Petitioner had not exhausted his administrative remedies and therefore cannot seek relief in this Court under § 2241.

The Petitioner objected in two separate filings; the first was filed on February 28, 2005 and the second was filed on July 20, 2005.[1] The Petitioner sets forth

---

[1] Petitioner's first Objections were filed in a timely manner, according to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). However, the "Supplemental Pleading Motion" filed by Petitioner on July 20, 2005 was not filed in a timely manner. During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F.

multiple arguments in support of his decision to file his claim under § 2241 instead of § 2255. The matter is now ready for decision.

## STANDARD OF REVIEW

*Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, a § 2241 petition that raises claims under 28 U.S.C. § 2255 is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

Supp. 1465, 1467 (D. Utah 1995). The Petitioner was supplied notice of this deadline in an attachment to the Magistrate Judge's Report and Recommendation. However, giving the Petitioner the benefit of every doubt, this Court will consider objections filed under both documents.

3

DISCUSSION

The Petitioner raises two main objections for consideration of relief:[2] (1) that he is precluded from bringing a successive motion under § 2255 because he would not be able to satisfy either of the exceptions for certification required since the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA), thereby making § 2255 "inadequate and ineffective" as a means by which to test the legality of his sentence; and (2) that he meets the criteria of § 2241 because he was deprived of his constitutional right to counsel in regards to the predicate offense used to enhance his current federal sentence.



### The Petitioner argues that § 2255 is "inadequate and ineffective" as a means by which to test the legality of his sentence

The Petitioner concedes in his objections that he is precluded from bringing a successive motion under § 2255 because he is unable to satisfy either of the two (2) exceptions for certification as required under the code. In support of his argument that he must be allowed to proceed under § 2241, the Petitioner cites In re Jones, 226 F.3d 328 (4th Cir. 2000), in which the court held that "there must exist some circumstance in which resort to § 2241 would be permissible." However, that court was examining circumstances quite different from those in the present case. In Jones, the Petitioner argued that, subsequent to his first direct appeal and § 2255

---

[2]Petitioner's first pleading entitled "Objections to Magistrate Report and Recommendation contains his main objections which were supplemented by his second pleading entitled "Supplemental Pleading Motion."

motion, the substantive law changed so that the conduct of which he was convicted was no longer deemed to be criminal. Id. at 334. There have been no substantive changes in the laws under which the petitioner was convicted, nor has the Petitioner satisfactorily shown that the "savings clause" of § 2255, which provides that writs of habeas corpus may be considered if § 2255 is "inadequate or ineffective to test the legality of detention," applies to this case. 28 U.S.C. § 2255.



It has been clearly held by the Fourth Circuit that § 2255 is not inadequate or ineffective "merely because an individual has been unable to obtain relief . . . or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). It is clear that § 2241 is not the proper forum in which to challenge the validity of the sentencing enhancement. Since the enactment of sections 2254 and 2255, the role of § 2241 as a method of relief has been relegated to handling disputes over the execution of a valid sentence, and not to challenges to the conviction or sentence itself. E.g., Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Here, it is clear that the Petitioner is challenging his sentence, and not how it is being carried out. The Petitioner has presented nothing to demonstrate that § 2255 is an "inadequate or ineffective" remedy; therefore, this argument is without merit.

### Petitioner claims he was deprived of his constitutional right to counsel

The Petitioner argues that his Sixth Amendment right was violated when his appointed counsel did not properly review records of his prior convictions and make

5

clear to the Court that one of the prior convictions used to establish his status as a career offender was made without counsel and without a knowing and voluntary waiver of right to counsel. On direct appeal, the Petitioner raised this precise argument, which the Fourth Circuit found without merit: "We further reject McManus' assertion that this conviction should not count against him because it was uncounseled. The presentence report shows that McManus voluntarily waived his right to counsel," United States v. McManus, 20 Fed. Appx. 139, 2001 WL 1141292 (4th Cir. Sep. 27, 2001). Because the Fourth Circuit has already determined that the Petitioner was properly sentenced as a career offender, this argument is foreclosed. If an issue has been decided adversely to a defendant on direct appeal, it cannot be relitigated on collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error. Johnson v. Muncy, 830 F.2d 508, 511 (4th Cir. 1987).



## CONCLUSION

Based on the foregoing, it is

ORDERED that the Petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled;[3] that the Report and Recommendation is affirmed; that the Petitioner's § 2241 Writ of Habeas Corpus is dismissed without prejudice; and that this action is ended.

---

[3] Because the Court has concluded that the Petitioner cannot obtain the relief he seeks under § 2241, and that the Court has no authority to consider the Petitioner's sole substantive ground for relief, it is unnecessary to consider the Petitioner's remaining objections.

**IT IS SO ORDERED.**

_/s/ Sol Blatt, Jr._
Sol Blatt, Jr.
Senior United States District Judge

September 26, 2005
Charleston, S.C.

#7